# IN THE SUPREME COURT OF IOWA

No. 09–1738

Filed February 18, 2011

**TIM McCANDLESS, INC.** and **SWIETER AIRCRAFT SERVICES, INC.,**

Appellees,

vs.

**GENE YAGLA** and **McCOY, RILEY, SHEA & BEVEL, P.L.C.**
a/k/a **YAGLA, McCOY & RILEY, P.L.C.,**

Appellants.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Plaintiff in legal malpractice action seeks further review of court of appeals' decision reversing district court judgment and remanding for new trial on certain specifications of negligence. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**

Robert M. Hogg and Patrick M. Roby of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellants.

William W. Graham and Aimee R. Campbell of Graham, Ervanian & Cacciatore, L.L.P., Des Moines, for appellees.

**PER CURIAM.**

In this legal malpractice case, the plaintiffs request further review of the court of appeals' decision reversing the district court's decision to admit evidence of the smell of alcohol on the defendant's breath during trial and to submit jury instructions on the third and fourth specifications of negligence. The court of appeals remanded for a new trial on the merits of only the third and fourth specifications of negligence. Because the trial court erred in admitting the evidence of the smell of an alcoholic beverage, we affirm the decision of the court of appeals, but remand for a new trial on all issues.

Generally, all issues are retried when an appellate court grants a new trial. *McElroy v. State*, 703 N.W.2d 385, 389 (Iowa 2005). Yet, we recognize a new trial does not need to be granted on an entire case if the error giving rise to the new trial is limited to certain issues. *In re Marriage of Wagner*, 604 N.W.2d 605, 609 (Iowa 2000). In other words, an appellate court may limit the new trial to issues only affected by the error. *See McCarville v. Ream*, 247 Iowa 1, 11, 72 N.W.2d 476, 481 (1955).

In this case, the trial court erred in two ways during the course of the attorney malpractice trial. First, it allowed the plaintiff to present evidence that attorney Yagla emitted a smell of an alcoholic beverage from his breath during his representation of the plaintiff, without introducing evidence of impairment. Second, it erred in submitting two of the five specifications of the negligence to the jury when the evidence presented by the plaintiff was insufficient to support the two specifications of negligence. Yet, the evidence of the smell of an alcoholic beverage was used by the plaintiff to support each specification of negligence. Thus, the instructional error may have been affected by the

evidentiary error. If the evidence of the smell of an alcoholic beverage on counsel's breath had been properly excluded from trial by the district court, plaintiff may have introduced other evidence to support the two disputed specifications of negligence. Accordingly, the plaintiff is entitled to a new trial on all five allegations of negligence and should be given an opportunity to present evidence to support each specification.

We affirm the decision of the court of appeals in all respects except one. We vacate that portion of the decision of the court of appeals that limits the specification of negligence on retrial.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**

This opinion is not to be published.